**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

JOSE ALFREDO VALENCIA ASUNCION,

      Petitioner,

      v.

TODD BLANCHE, *et al*.,

      Respondents.

Case No. 2:26-cv-01559-RFB-DJA

**ORDER GRANTING WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Jose Alfredo Valencia Asuncion's Amended Petition for Writ of Habeas Corpus (ECF No. 8). Mr. Valencia Asuncion argues, *inter alia*, that his ongoing detention at the hands of Immigration and Customs Enforcement ("ICE") is unlawful under (i.) Jacobo-Ramirez v. Mullin, --- F. Supp. 3d ---, 2026 WL 879799 (D. Nev. Mar. 30, 2026); (ii.) the Immigration and Nationality Act; and (iii.) the Due Process Clause of the Fifth Amendment. For the following reasons, the Court grants the Petition, awards Mr. Valencia Asuncion a writ of habeas corpus, and orders Respondents to immediately release him from ICE custody.

As an initial matter, the Court strikes Federal Respondents' Supplement filed July 7, 2026 (ECF No. 15), as procedurally improper. For the reasons indicated on the record at the July 9, 2026, hearing, which are incorporated by reference herein, and based upon Local Rules 7-2(d) and 7-2(g), the Court cannot consider this filing as part of the record, as it fails to comport with this Court's prior orders and the Local Rules. Specifically, the Supplement was filed without leave of the Court or evidence of good cause in violation of LR 7-2(g), and without points and authorities in violation of LR 7-2(d). See LR 7-2(d), (g). In addition, the Supplement contradicts, without explanation, the Return filed on June 10, 2026, as well as this Court's scheduling order. See Federal Respondents' Notice Regarding Class Membership 1, ECF No. 10 [hereinafter, "Opposition"];

Scheduling Order, ECF No. 9. Therefore, the Court does not consider the Supplement part of the record before it.

## I.       FINDINGS OF FACT

The Court makes the following findings of fact based on the Parties' undisputed factual allegations in the existing record before the Court, and the evidence they supply. See Carlson v. Landon, 186 F.2d 183, 188 (9th Cir. 1950).

First, the Court finds Mr. Valencia Asuncion is a member of the Jacobo-Ramirez Class. Petitioner has set forth sufficient facts indicating Class membership, and Federal Respondents, when ordered to certify the true cause of Petitioner's detention in their Return, stated: "[b]ased on the decision by this Court in Jacobo-Ramirez, and the Order Appointing Counsel in this matter, Petitioner is a Class Member." See First Am. § 2241 Pet. 6, ECF No. 8 [hereinafter, "Petition"]; Opposition 1, ECF No. 10.

In addition, the Court finds Federal Respondents did not conduct an initial custody determination for Petitioner at the outset of his detention. This Court instructed Federal Respondents to produce specific records as to Petitioner, including any Form I-286 Initial Custody Determination, or alternatively, "certify that, after a diligent search, . . . the record(s) are not in their possession, custody, or control." Order 3, ECF No. 4. Regarding any Form I-286, Federal Respondents did the latter. See Opposition at 1. Because the government has produced no evidence of an initial custody determination, the Court concludes it never occurred.

## II.      CONCLUSIONS OF LAW

As a Jacobo-Ramirez Class member, Mr. Valencia Asuncion is entitled to enforcement of the declaratory judgment and vacatur afforded to the Class by this Court. Well over three months ago, this Court declared that class members "are not subject to detention under § 1225(b)(2)(A)"; instead, "they are subject to detention under 8 U.S.C. § 1226(a) and its implementing regulations," which supply a suite of procedural protections. See Jacobo-Ramirez, 2026 WL 879799, at *33. Because Federal Respondents' only basis for detaining Petitioner is § 1225(b)(2)(A), see generally Opposition, ECF No. 10, his ongoing detention is unlawful

under both the INA and this Court's class-wide declaratory judgment

For reasons articulated in <u>Perez Chacon v. Mattos</u>, No. 2:26-cv-01061-RFB-EJY, 2026 WL 1960905, at *6–11 (D. Nev. July 7, 2026), which are incorporated by reference herein, the Court finds that Mr. Valencia Asuncion must be released from government custody. The government's failure to perform an initial custody determination as to Petitioner at the outset of his detention runs afoul of § 1226(a) and its implementing regulations, as well as this Court's declaratory judgment. <u>See</u> <u>Rodriguez Diaz v. Garland</u>, 53 F.4th 1189, 1196–97 (9th Cir. 2022); <u>Jacobo-Ramirez</u>, 2026 WL 879799, at *33.

The Court further finds Petitioner is entitled to the procedures afforded under § 1226(a) not merely by statute and regulation, but by the Due Process Clause of the Fifth Amendment, for the reasons articulated in this Court's order in <u>Garcia-Maya v. Blanche</u>, 2:26-cv-01513-RFB-BNW, 2026 WL 1965886, at *3–7 (D. Nev. July 7, 2026), which the Court incorporates by reference as if fully set forth herein. Specifically, as explained in <u>Garcia-Maya</u>, the Court finds Petitioner's arbitrary arrest and detention without the pre-deprivation process encompassed in the initial custody determination requirement violates Petitioner's right to procedural due process.

Therefore, the Court finds Petitioner's detention has been unlawful from the moment it began, and immediate release—"the typical remedy" for "unlawful executive detention"—is appropriate here. <u>See</u> <u>Munaf v. Geren</u>, 553 U.S. 674, 693 (2008).

### III.    CONCLUSION

For these reasons, **IT IS HEREBY ORDERED** Petitioner's First Amended Petition for Writ of Habeas Corpus (ECF No. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** Federal Respondents' July 7, 2026, Supplement (ECF No. 15) is **STRICKEN** from the record for the reasons stated herein and on the record at the July 9, 2026, hearing.

**IT IS FURTHER ORDERED** Respondents must **RELEASE** Petitioner from detention on his own recognizance on **July 10, 2026,** between the hours of **12:00 and 3:00 p.m.** Counsel for Petitioner (or their designee/agent) will be permitted to wait in the Federal Justice Tower lobby during the release window.

**IT IS FURTHER ORDERED** Petitioner must be released on his own recognizance. Thus, Respondents are **PROHIBITED** from imposing release conditions that substantially interfere with Petitioner's liberty, such as electronic monitoring, without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing.

**IT IS FURTHER ORDERED** that Respondents must return Petitioner's personal property—including any personal identification and employment authorization documents—upon his release.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A).

**IT IS FURTHER ORDERED** that Respondents may not re-detain Petitioner during the pendency of his/her current removal proceedings until after an immigration court hearing is held, with adequate notice, to determine whether detention is appropriate under 8 U.S.C. § 1226(a) and its implementing regulations. At this hearing, the government must bear the burden of establishing that detention is appropriate by clear and convincing evidence.

**IT IS FURTHER ORDERED** that the Parties must file a **JOINT STATUS REPORT** by **July 13, 2026**, confirming Respondents' compliance with this Order including (i) the date and time of Petitioner's release; (ii) compliance with this Court's directives concerning release on personal recognizance; and (iii) the return of Petitioner's personal property.

**IT IS FURTHER ORDERED** Respondent Mattos's Motion for Leave to Be Excused from July 9, 2026, Hearing (ECF No. 14) is **DENIED as moot.**

The Court will consider contempt sanctions against any, and all, officials who fail to comply with this Order.

///

///

///

///

///

- 4 -

The Clerk of Court is instructed to enter judgment and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case.

**DATED:** July 9, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**